## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINA M. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00971 JAR |
| | ) | |
| MERCY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Regina M. Hill for leave to commence this civil action without payment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court finds it should be granted. Additionally, for the reasons discussed below, the Court will issue process on plaintiff's claim for retaliatory discharge under Title VII of the Civil Rights Act of 1964. However, plaintiff's remaining claims in this lawsuit will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint and Charge of Discrimination

Plaintiff Regina Hill is a self-represented litigant who brings this employment discrimination complaint against defendant Mercy Hospital. The complaint is on a Court-provided form, as required. In her complaint, plaintiff checked the boxes indicating she is bringing this

lawsuit pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. §§ 12101, *et seq.* In the complaint, plaintiff also placed check marks indicating she believes she was discriminated against because of her race, national origin, color, disability, and retaliation. Plaintiff alleges that she was discriminated against in the terms and conditions of her employment, retaliated against, subjected to harassment, unlawfully terminated and "called racist slurs, made fun of [on account of her] race. . . and [defendant] thought it was funny when [she] complained about it, and they made up lies on [her]." The Court interprets plaintiff's factual assertions to allege a hostile work environment/harassment claim under Title VII.

In the body of her complaint, plaintiff alleges that she was hired as a nurse's assistant, which she refers to as a PCA, on December 28, 2022.[1] She asserts that during her training for the job at Mercy Hospital, her trainer, Ashley McCasland, treated "students of color" differently than white students. Although plaintiff fails to give specific examples of the "different" treatment by trainer Ashley in her complaint, she states in a conclusory manner in her Charge of Discrimination that Ashley McCasland gave "less training time to people of other races and colors." Plaintiff, however, does not identify her racial identity or her color in the complaint or her Charge of Discrimination.[2]

---

[1]Because plaintiff's factual statement in her complaint is somewhat difficult to discern, the Court has supplemented the facts with those taken from her Charge of Discrimination which is attached to her complaint. *See* Federal Rule of Civil Procedure 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[2]Plaintiff appears to suggest that she is Puerto Rican and suffers from the purported disability of Fibromyalgia. However, she does not come out and state this for a fact. Rather, she states in her complaint that she called other employees at Mercy Hospital Puerto Rican names. Moreover, she claims, "They fired

3

Plaintiff additionally alleges that "[d]uring MLK [day] the safety teacher was very rude & racist." Plaintiff fails to indicate if the unidentified safety teacher was rude to her, or simply rude to everyone at the workplace. Additionally, although plaintiff asserts that the teacher was "racist," she fails to indicate what the safety teacher did that was allegedly racist.

Plaintiff states that when she "told her supervisor Tiffany," she was "demoted." Although plaintiff has failed to articulate in the body of her complaint what she allegedly told her supervisor, Tiffany Kunz, in her Charge of Discrimination she states that she complained about "discrimination."[3] Specifically, she states that she complained of trainer Ashley McCasland's purported racially discriminatory behavior in only speaking to, and training, Caucasians during the nurse's assistant training.

---

me when I told them Racel a white employee had fibermyalgia [sic] & they didn't hire me & we had the same thing." The Court cannot, however, assume facts that are not alleged. *Stone*, 364 F.3d at 914-15.

[3]Plaintiff alleges in her Charge of Discrimination:

> 1.I was hired by the above-mentioned employer on or about December 28, 2022, as a PCA (Nurse's Assistant), making approximately $15.00 per hour. My employment ended in approximately mid-May 2023.

> 2.During my training period with the employer, the trainer Ashley McCasland only spoke to Caucasians. She gave less training time to the people of other races and colors and didn't train me on some topics at all. When I complained about the discrimination to my Supervisors Tiffany Kunz, Elizabeth Slais, Human Resources, and the Chief Executive Operator's Secretary, I was suspended without pay starting on or about January 27, 2023. The Respondent also failed to reasonably accommodate my disability. I was told by Human Resources that I needed to find a new job within the company by May 15, 2023, or I would be terminated.

> 3.I believe I was denied a reasonable accommodation for my disability in violation of Title I of the Americans with Disabilities Act of 1994, as amended. I believe I was subject to different terms and conditions of employment than those similarly situated than I, suspended, laid off, denied a reasonable accommodation, and terminated in retaliation for opposing discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

4

Plaintiff complains that after reporting Ashley McCasland's purported discriminatory conduct to Tiffany Kunz, as well as Human Resources Assistant Elizabeth Slais, she was demoted and placed on leave without pay, as of January 27, 2023. Plaintiff claims that she was told that she could interview for other jobs at Mercy Hospital, up through May 15, 2023; however, no one at Mercy would hire her when she applied for other jobs. Plaintiff does not indicate what "other jobs" at Mercy Hospital she applied for and why she was allegedly not hired for those jobs.

Plaintiff claims that she was later told by someone employed by Mercy Hospital that the reason she was discharged was because she cussed on the job. As noted in footnote 2, plaintiff admits that she called other employees at Mercy Hospital Puerto Rican names during her approximate one-month employment between December 22, 2022, and January 27, 2023.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on September 25, 2023. Plaintiff indicated on the Charge that she was discriminated against based on an alleged disability, and she claimed she was retaliated against. As noted in footnote 3 above, plaintiff claimed that she was also denied a reasonable accommodation by Mercy Hospital for her alleged disability and "subject to different terms and conditions of employment." However, plaintiff fails to indicate her disability in the complaint or within her Charge of Discrimination. Moreover, plaintiff has also failed to articulate how she was discriminated against in the terms and conditions of her employment.

Plaintiff asserted in her Charge of Discrimination that the discriminatory conduct occurred between December 28, 2022, and May 15, 2023, on the date of the alleged termination from Mercy Hospital. The EEOC sent plaintiff a Right to Sue Letter on June 26, 2024, giving her ninety (90) days in which to file a lawsuit. Thus, plaintiff's lawsuit appears to be timely filed.

5

Plaintiff seeks compensatory damages in this action.

## Discussion

Upon initial review under 28 U.S.C. § 1915(e)(2), the Court finds that plaintiff's complaint sufficiently states a claim under Title VII for retaliatory discharge against defendant Mercy Hospital but does not sufficiently state claims under the ADA for disability discrimination or failure to accommodate plaintiff's alleged disability. Additionally, plaintiff fails to properly allege claims under Title VII for race and color discrimination, discrimination in the terms and conditions of her employment and/or harassment/hostile work environment. As such, these claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A.  ADA Claims

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). To establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). *See also Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003). To establish a disability, an ADA claimant must show a physical or mental impairment substantially limiting a major life activity, a record of such impairment, and that the claimant is regarded as having such impairment. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490-91 (8th Cir. 2002). Under the ADA, prohibited discrimination includes intentional discrimination against a qualified individual because of her disability, which can be shown by

6

evidence of disparate treatment or other proof based on the specific facts of the case. *See* 42 U.S.C. § 12112(a)-(b)(1); *Young v. Warner-Jenkinson Co., Inc.*, 152 F.3d 1018, 1022 (8th Cir. 1998).

Although plaintiff's Charge of Discrimination and complaint indicate she is suing under the ADA, the only place in the complaint or Charge where plaintiff indicates she believes she has a disability is the statement in her complaint where she states: "They fired me when I told them Racel a white employee had fibermyalgia [sic] & they didn't hire me & we had the same thing."

Plaintiff's complaint lacks any other mention of a disability or allegation that she faced an adverse employment action *because defendants knew of her alleged disability or because she was perceived as disabled. See Heisler v. Metropolitan Council*, 339 F.3d 622, 626-27 (8th Cir. 2003) (to state a prima facie case of discrimination under the ADA, a plaintiff must show, among other things, that he was disabled within the meaning of the ADA).

Plaintiff's complaint fails to provide supporting facts, such as whether her alleged Fibromyalgia substantially impairs a major life activity, how it allegedly affected her work, who at work allegedly knew of her disability, or who at work perceived her as disabled. As noted above, this Court cannot assume facts that are not alleged. *Stone*, 364 F.3d at 914-15. Furthermore, plaintiff's pleading must do more than simply provide labels or recite the elements of a cause of action. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that a "pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief").

Even liberally construing the complaint, the Court finds that plaintiff's allegation of disability discrimination and failure to accommodate her disability do not survive review under 28 U.S.C. § 1915(e)(2)(B). As plaintiff has not stated an ADA claim for disability discrimination or

failure to accommodate her disability, all claims under the ADA will be dismissed. *See Martin*, 623 F.2d at 1286 (pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law).

### B. Title VII Claims

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To state a claim under Title VII, a plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[4] burden shifting framework. *Onyiah v. St. Cloud State University,* 684 F.3d 711, 716 (8th Cir. 2012) (citation omitted).

To allege a race discrimination claim under Title VII, plaintiff must allege that she is a member of the protected class, she was meeting the employer's legitimate job expectations, she suffered an adverse employment action and was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't. of Corr. Servs.,* 728 F.3d 800, 804 (8th Cir. 2013). Thus, not only must plaintiff articulate in her complaint what her race and color is, how she was racially discriminated against, and how she believes she was meeting the employer's legitimate job expectations, but she should also articulate how she believes she was treated differently than those who were not of her same race (or color) but were not terminated or disciplined for acting similarly. *Id.*

Plaintiff has failed to articulate her race or color, or that she was a member of the protected class, thus, she cannot state a Title VII claim on this basis. As noted above, plaintiff indicates that

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

she called individuals in her workplace Puerto Rican names, but plaintiff has not alleged that she was part of a protected racial group or that she suffered discrimination due to her color.

Moreover, plaintiff has failed to indicate in her Charge of Discrimination that she is asserting race and color discrimination claims under Title VII. Thus, she cannot pursue those claims in federal court. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004) (a plaintiff may only pursue claims in her complaint that are "like or reasonably related to" claims in the Charge of Discrimination).[5] Similarly, plaintiff did not bring claims for hostile work environment/harassment or discrimination in the terms or conditions of her employment in her Charge of Discrimination.[6] Thus, she may also not pursue those claims in the present lawsuit. Accordingly, plaintiff's claims for discrimination based on her race and color, as well as those alleging discrimination in the terms and conditions of her employment and/or harassment/hostile work environment, are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[5]"[T]he sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) quoting *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985). "Allegations outside the scope of the EEOC charge...circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.,* 210 F.3d 827, 836 (8th Cir. 2000).

[6]Even if plaintiff had properly alleged a harassment/hostile work environment claim in the Charge of Discrimination, she has failed to properly allege such a claim in her complaint. A hostile work environment claim is a type of discrimination claim under 42 U.S.C. § 2000e-2(a). *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th Cir. 2019). To state a prima facie claim, a plaintiff must show that: "(1) she is a member of the class of people protected by the statute, (2) she was subject to unwelcome harassment, (3) the harassment resulted from her membership in the protected class, and (4) the harassment was severe enough to affect the terms, conditions, or privileges of her employment." *Id.* (quoting *Blake v. MJ Optical, Inc.,* 870 F.3d 820, 827 (8th Cir. 2017)). Although plaintiff alleges that the trainer failed to properly train those who were not Caucasian, she has not alleged that the trainer created a hostile work environment for plaintiff. Moreover, although plaintiff complains that the "safety teacher" was "rude & racist," she does not indicate how this affected the terms and conditions of her employment at Mercy Hospital during her one month on the job.

The Court will, however, issue process on plaintiff's claim for retaliatory discharge under Title VII. Title VII makes it unlawful for an employer to discriminate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007). In this case plaintiff asserts that she complained to her supervisor Tiffany Kunz, as well as Human Resource Assistant Elizabeth Slais, that trainer Ashley McCasland acted in a racially discriminatory manner during the nurse's assistant training. After her complaints she was demoted and placed on leave without pay. For the purposes of initial review, the Court will issue process on plaintiff's retaliatory discharge claim under Title VII.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v.*

10

*Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2]. is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's claims for race and color discrimination, as well as discrimination in the terms and conditions of her employment, brought pursuant to Title VII of the Civil Rights Act of 1964, are **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims for harassment/hostile work environment, brought pursuant to Title VII of the Civil Rights Act of 1964, are **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's disability discrimination and failure to

11

accommodate claims brought pursuant to the Americans with Disabilities Act are **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on plaintiff's retaliatory discharge claim brought pursuant to Title VII of the Civil Rights Act of 1964. Defendant shall be served with summons by the U.S. Marshals Service at: Mercy Hospital St. Louis, 615 S. New Ballas Road, St. Louis, Mo. 63141.

**IT IS FURTHER ORDERED** that an appeal from this Memorandum and Order would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of July, 2024.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

12