UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINA M. HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-00971-JAR ) |
| MHM SUPPORT SERVICES, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Regina M. Hill's motion for reconsideration. ECF No. 35.

Plaintiff states that she does not feel that her case should be dismissed. Much like she argued in response to Defendant MHM Support Services' motion to dismiss, Plaintiff argues that she has presented evidence and proof supporting her claims. Plaintiff then largely restates her arguments in opposition to the motion to dismiss. Plaintiff also states several times that she believes that her case should not be dismissed and that it should instead be allowed to move forward so that she can have her day in court. Plaintiff also states that she is not a lawyer and did not go to law school.

Although district courts have discretion in ruling on motions for reconsideration, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Reconsideration is not warranted here. No manifest error of law or fact has occurred, and Plaintiff has not come forth with newly discovered evidence. At the time it rendered its decision

1

on Defendant's motion to dismiss, the Court thoroughly reviewed Plaintiff's Amended Complaint, accompanying exhibits, and all arguments contained with Defendant's and Plaintiff's briefing on the motion to dismiss. The Court continues to believe that it correctly dismissed some—but not all—of Plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Though Plaintiff again argues that she has adequately supported her claims with evidence, the fact remains that the Court must dismiss claims that lack factual allegations supporting all elements of the particular claim. *See* Fed. R. Civ. P. 12(b)(6). The Court found that Plaintiff failed to adequately allege the essential elements of her claims of race and color discrimination and harassment/hostile work environment under Title VII of the Civil Rights Action of 1964 ("Title VII"), and disability discrimination and failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff is reminded that her claim of retaliation under Title VII is still pending before this Court.

The Court recognizes that Plaintiff is not a lawyer. But Plaintiff is reminded that even pro se complaints, while construed liberally, are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Plaintiff is also reminded that even though she is not a lawyer, she must follow the procedural rules for civil litigation laid out in the Federal Rules of Civil Procedure and the Court's local rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. ECF No. 35.

Dated this 4th day of February, 2025.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE